1  Christina S. Loza (SBN 221920)
   E-mail: tina@lozaip.com
2  LOZA & LOZA, LLP
3  305 N. Second Ave. #127
   Upland, CA 91786
4  Telephone: (949) 705-6777
5  Facsimile: (949) 608-8934

6
   Gordon E. Gray III (SBN 175209)
7  E-mail: geg@grayiplaw.com
   GRAY LAW FIRM
8  4401 N. Atlantic Ave., Suite 233
9  Long Beach, CA 90807
   Telephone: (562) 984-2020
10 Facsimile: (562) 984-2019
11
12 Attorneys for Plaintiff
13

14                **UNITED STATES DISTRICT COURT**

15                **CENTRAL DISTRICT OF CALIFORNIA**

16

17                                              )
                                                )  **Civil Case No.** _____ 5:13-cv-2010 _____
18 JUAN POLLO FRANCHISING, INC., a              )
   California corporation,                      )  **COMPLAINT FOR TRADEMARK**
19                                              )  **INFRINGEMENT, FALSE**
         Plaintiff,                             )  **DESIGNATION OF ORIGIN, UNFAIR**
20                                              )  **COMPETITION, AND OTHER RELIEF**
         v.                                     )
21                                              )  **DEMAND FOR JURY TRIAL**
22 B & K POLLO ENTERPRISES, INC., a             )
   California corporation, ARTEMIO              )
23 BRACAMONTES, an individual, and              )
   RICHARD P. KING, an individual,              )
24                                              )
                                                )
25       Defendants.                            )
                                                )
26

27       Plaintiff JUAN POLLO FRANCHISING, INC. ("plaintiff" or "JUAN

28 POLLO"), by and through its counsel, alleges against defendants B & K POLLO

1  ENTERPRISES, INC. ("B&K"), ARTEMIO BRACAMONTES ("Bracamontes"),

2  and RICHARD P. KING ("King") (hereinafter collectively "defendants") as

3  follows:

4  ## NATURE OF THE ACTION

5    1.    This is an action for trademark infringement, false designation of

6  origin under (15 U.S.C. 1051, *et seq.*), trademark infringement under common

7  law, and unfair competition under state and common law.

8  ## THE PARTIES

9    2.    Plaintiff JUAN POLLO is a California corporation with it principle

10  place of business in San Bernardino, California.

11    3.    On information and belief, B&K operates restaurants in Los Angeles

12  and Whittier, California under the names "Juan Pollo" and "Juan's Rotisserie

13  Chicken."

14    4.    On information and belief, Bracamontes and King are shareholders

15  and officers of B&K that operate the restaurants in Los Angeles and Whittier, CA.

16  ## JURISDICTION AND VENUE

17    5.    This Court has subject matter jurisdiction over this lawsuit under 28

18  U.S.C. § 1338 because the action arises under the trademark laws of the United

19  States, and pendant jurisdiction of any and all state causes of action under 28

20  U.S.C. § 1367.

21    6.    This Court has personal jurisdiction over defendants because they

22  have transacted business in the Central District of California.  Further, on

23  information and belief, the defendants reside in the Central District of California.

24    7.    Venue is proper and reasonable in this district under 28 U.S.C. §

25  1391(b)(1) and 28 U.S.C. § 1391(b)(2) because defendant B&K has its principle

26  place of business in the district and a substantial part of the acts or omissions

27  giving rise to this claim for trademark infringement, false designation of origin

28  and unfair competition occurred in this district and defendant has significant

1  contacts with the district.  Moreover, defendant's agent for service of process is

2  Jeffery J. Czech, located in Santa Fe Springs, California.  Defendants

3  Bracamontes and King live and reside in the Central District of California.

4

5  **FACTS**

6      8.      JUAN POLLO, including its predecessors in interest, has owned

7  rotisserie chicken restaurants and licensed rotisserie chicken restaurant franchises

8  since at least as early as 1984.

9      9.      JUAN POLLO is the owner of, *inter alia,* the trademark and

10  designation "JUAN POLLO" and the JUAN POLLO logo (shown in Exhibit

11  1)(collectively "the JUAN POLLO marks").  JUAN POLLO has used the JUAN

12  POLLO marks in interstate commerce in conjunction restaurant services since at

13  least as early as 1984.  As such, JUAN POLLO has established priority of use.

14  The JUAN POLLO marks are inherently distinctive and recognized by the

15  relevant consuming public as plaintiff's marks.

16      10.      JUAN POLLO is the owner of U.S. Service Mark Registration Nos.

17  2,666,886 and 4,006,025 for JUAN POLLO and JUAN POLLO THE BEST

18  TASTING CHICKEN (and design) respectively.  True and correct copies of said

19  registrations are attached hereto as **Exhibit 1**.

20      11.      Defendant B&K is also in the rotisserie chicken restaurant business.

21  Defendant has adopted the confusingly similar and identical trademark "Juan

22  Pollo."  Examples of defendants' infringing uses of the mark are shown in **Exhibit**

23  **2** attached hereto.

24      12.      On information and belief, defendants' unlawful use of the JUAN

25  POLLO marks is likely to cause and has caused confusion amongst consumers

26  and initial interest confusion as to the origin of their respective products and

27  services.

28      13.      On information and belief, defendants have adopted the designations

1  "Juan Pollo" and "Juan's Rotisserie Chicken" in a willful attempt to piggyback off

2  of plaintiff's goodwill and reputation in the rotisserie chicken restaurant business,

3  and to divert business away from plaintiff and to defendants.

4       14.    Plaintiff invests substantial sums in producing its goods and services

5  and in marketing its JUAN POLLO marks.  Plaintiff has established substantial

6  goodwill and brand recognition with the consuming public.

7       15.    Plaintiff has been irreparably harmed and has suffered economic loss

8  as well as the loss of good will from defendants' unlawful and willful acts.

9  Because damages will constitute an insufficient remedy, plaintiff requires

10  equitable relief in the form of a permanent injunction restraining defendant's

11  continued activity.

12

13  **CLAIMS FOR RELIEF**

14  **First Claim for Relief (All Defendants)**

15  **(Trademark Infringement - 15 U.S.C. § 1114)**

16       16.    Plaintiff repeats and incorporates by reference the statement and

17  allegations in paragraphs 1 to 16 of the Complaint as though fully set forth herein.

18       17.    Defendants' use of plaintiff's JUAN POLLO marks has caused and is

19  likely to have caused confusion and reverse confusion amongst consumers as to the

20  quality and source of plaintiff's services.

21       18.    On information and belief, defendants willfully and intentionally

22  adopted and used mark(s) confusingly similar to plaintiff's JUAN POLLO marks

23  to steal plaintiff's goodwill.

24       19.    By reason of the foregoing unlawful acts recited in paragraphs,

25  plaintiff has been irreparably harmed and will continue to suffer damage until an

26  appropriate injunction and damage award, including increased treble damages and

27  attorneys' fees, are imposed by this court against defendants.

28

## Second Claim for Relief (All Defendants)

### (False Designation of Origin - 15 U.S.C. § 1125(a))

20.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 18 of the Complaint as though fully set forth herein.

21.     Defendants' use of plaintiff's designation has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's services.

22.     By reason of the foregoing and upon information and belief, defendants have violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with their goods and advertisement, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of plaintiff with defendant and as to the origin, sponsorship, or approval of defendants' service and commercial activities.

23.     By reason of the foregoing unlawful acts recited in paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this court against defendants.

## Third Claim for Relief (All Defendants)

### (State Law Unfair Competition – Cal. Bus. & Prof. Code §17200)

24.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 22 of the Complaint as though fully set forth herein.

25.     Defendants' acts as set forth herein constitute unfair competition as defined in California Business and Professions Code § 17200, *et seq.*, all to the damage of plaintiff as previously alleged.

## Fourth Claim for Relief (All Defendants)

**(Common Law Trademark Infringement)**

26.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 24 the Complaint as though fully set forth herein.

27.     Defendants' acts as set forth herein constitute trademark infringement as defined by California common law, all to the damage of plaintiff as previously alleged.

## Fifth Claim for Relief (All Defendants)

### (Common Law Unfair Competition)

28.     Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 26 of the Complaint as though fully set forth herein.

29.     Defendants' acts, as set forth above, constitute unfair competition as defined by California common law, all to the damage of plaintiff as previously alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff asks that this Court grant judgment against defendants for the following:

A.     Defendants, their agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

   i.     infringing plaintiff's JUAN POLLO marks;

   ii.    using any designation confusingly similar to plaintiff;

   iii.   competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights; and

   iv.    conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

1    B.    Defendants shall file with the Court and serve on plaintiff, within 30

2    days after the entry and service on defendant of an injunction, a report in

3    writing and attested to under penalty of perjury setting forth in detail the

4    manner and form in which defendants have complied with the provisions of

5    subparagraph (A) above.

6    C.    Plaintiff recovers all damages it has sustained as a result of

7    defendants' infringement, false designation of origin and unfair

8    competition.

9    D.    Plaintiff be awarded defendants' profits, corrective advertising

10          damages and enhanced damages.

11   E.    An accounting be directed to determine defendant's profits resulting

12   from their infringement and unfair competition and that the profits be paid

13   over to plaintiff, increased as the Court determines is appropriate to the

14   circumstances of this case.

15   F.    Plaintiff be awarded its reasonable attorneys' fees for prosecuting this

16          action.

17   G.    Plaintiff recovers its costs of this action and pre-judgment and post-

18          judgment interest, to the full extent allowed by law.

19   H.    Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or

20          any other relevant statute.

21   I.     Plaintiff be awarded punitive damages pursuant to, *inter alia*,

22          California common law, Business and Professions Code § 14250, and

23          any other relevant statute.

24   J.    Plaintiff receive all other relief the Court deems appropriate.

25

26

27

28                          **DEMAND FOR JURY TRIAL**

1    Plaintiff hereby demands a trial by the jury on its claims herein and all

2  issues and claims so triable in this action.

3

4                                   Respectfully submitted,

5  Dated: <u>November 4, 2013</u>              LOZA & LOZA, LLP

6

7                                   Christina S. Loza (SBN 221920)

8                                   Email: tina@lozaip.com
                                     Attorneys for plaintiff,
9                                   JUAN POLLO FRANCHISING, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

United States Patent and Trademark Office

Reg. No. 2,666,886

Registered Dec. 24, 2002

## SERVICE MARK
## PRINCIPAL REGISTER

## JUAN POLLO

OKURA, ALBERT R. (UNITED STATES INDIVI-
DUAL)
C/O 1798 NORTH E STREET
SAN BERNARDINO, CA 92405

FOR: RESTAURANTS, NAMELY, FAST FOOD
ROTISSERIE CHICKEN RESTAURANTS, IN CLASS
42 (U.S. CLS. 100 AND 101).

FIRST USE 1-1-1984; IN COMMERCE 1-1-1984.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "POLLO", APART FROM THE
MARK AS SHOWN.

SN 75-925,559, FILED 2-10-2000.

INGA ERVIN, EXAMINING ATTORNEY

EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Reg. No. 4,006,025
Registered Aug. 2, 2011
Int. Cl.: 43

SERVICE MARK
PRINCIPAL REGISTER





- 11 -                                                    EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 2**

EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



- 14 -                                                                                  EXHIBIT 2



EXHIBIT 2



EXHIBIT 2



EXHIBIT 2