UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 13–2010 JGB (SPx) | Date | August 6, 2015 |
|---|---|---|---|
| Title | *Juan Pollo Franchising, Inc. v. B & K Pollo Enterprises, Inc., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Findings of Fact and Conclusions of Law (IN CHAMBERS)

      Plaintiff Juan Pollo Franchising, Inc. ("Plaintiff" or "Juan Pollo Franchising") brought this action for trademark infringement regarding Defendant B & K Pollo Enterprises, Inc.'s use of the Plaintiff's marks (Doc. No. 40, Ex. 3).  The Court held a half-day bench trial on December 16, 2014 ("Transcript," Doc. No. 41.) to determine whether Defendant is liable for (1) trademark infringement under 15 U.S.C. § 1114; and (2) common law trademark infringement under California common law.  After considering the evidence presented at trial, and the parties' arguments and post-trial submissions, the Court finds that both of Plaintiff's claims fail.  The findings of fact and conclusions of law that follow explain the Court's judgment.  Fed. R. Civ. P. 52(a); Local R. 52–3.

## I.   BACKGROUND

      Plaintiff Juan Pollo Franchising, Inc. brought this action for trademark infringement, false designation of origin, unfair competition under California law, common law trademark infringement, and common law unfair competition against Defendants B & K Pollo Enterprises, Artemio Bracamontes, and Richard King (collectively "Defendants") on November 4, 2013. ("Complaint," Doc. No. 1.)  The Complaint alleges that Defendants improperly used two of Plaintiff's marks—the Juan Pollo name and the Juan Pollo logo (collectively, the "Juan Pollo Marks").  (Id. ¶ 9.)  At the December 16, 2014 bench trial, Plaintiff proceeded on two claims: (1) trademark infringement; and (2) common law trademark infringement.  (Transcript at 7.) Following the bench trial, the Court ordered the parties to each file opening and response briefs in lieu of closing arguments.  (Id. at 113.)  The parties filed their opening briefs on January 26, 2015, (Doc. Nos. 43, 44), and their response briefs on February 2, 2015, (Doc. Nos. 45, 46).

## II.  FINDINGS OF FACT[1]

"In bench trials, Fed. R. Civ. P. 52(a) requires a court to 'find the facts specially and state separately its conclusions of law thereon.'"  Vance v. American Haw. Cruises, Inc., 789 F.2d 790, 792 (9th Cir. 1986) (quoting Fed. R. Civ. P. 52(a)).  "One purpose behind Rule 52(a) is to aid the appellate court's understanding of the basis of the trial court's decision.  This purpose is achieved if the district court's findings are sufficient to indicate the factual basis for its ultimate conclusions."  Id. (citations omitted).

In 1984, Albert Okura ("Okura") opened Juan Pollo, a rotisserie chicken restaurant, in Ontario, California.  (Transcript at 21.)  By 1993, Okura, in conjunction with others, had opened a total of four Juan Pollo stores in Southern California.  (Id.)  That year, Defendants Artemio Bracamontes and Richard King approached Okura about opening another Juan Pollo restaurant and, shortly thereafter, began operating a Juan Pollo restaurant in Whittier, California, using the Juan Pollo name and products supplied by Okura.  (Id. at 23, 85, 87.)  On December 24, 2002, the Juan Pollo name was registered with the United States Patent and Trademark Office ("USPTO").  (Doc. No. 40, Ex. 3 at 2.)  In approximately 2003, Defendants opened a second Juan Pollo restaurant in East Los Angeles.  (Transcript at 90-91.)

Okura decided to franchise the Juan Pollo restaurants in 2010.  (Id. at 29.)  He sent franchising agreements to the operators of the Juan Pollo restaurants, including Defendants.  (Id. at 29-30.)  In May 2010, Defendants met with Okura but refused to sign the franchising agreement; Okura advised them that, if they would not sign, they would need to change their name.  (Id. at 30-31, 92-93.)  In 2011, Okura formed Juan Pollo Franchising, Inc.  (Id. at 34.)  Additionally, the Juan Pollo logo  was registered with the USPTO on August 2, 2011.  (Id. at 45; Doc. No. 40, Ex. 3 at 1.)

## III.  CONCLUSIONS OF LAW

At trial, Plaintiff pursued claims for (1) trademark infringement, and (2) common law trademark infringement.  For the reasons described below, Plaintiff has failed to prove both of these claims.

### A.  Trademark Infringement

Plaintiff has not met its burden of proving the required elements of trademark infringement under 15 U.S.C. § 1114.  That statute provides that "[a]ny person who shall, without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . shall be liable in a civil action by the registrant." 15 U.S.C. § 1114(1).  "[A] claim for trademark infringement requires only two elements: (1)

---

[1] The Court has elected to issue its decision in narrative form because a narrative format more fully explains the reasons behind the Court's conclusions, which aids appellate review and provides the parties with more satisfying explanations. Any finding of fact that constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is hereby adopted as a finding of fact.

ownership of a trademark, and (2) a likelihood of confusion." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1072 (9th Cir. 2014) (quoting Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012)).  Plaintiff has failed to establish its ownership of the Juan Pollo Marks and thus cannot prove Defendants have infringed its trademark.

Plaintiff Juan Pollo Franchising has not shown that it owns the Juan Pollo Marks.  Plaintiff Juan Pollo Franchising is the corporation that Okura established in 2011; but this corporation as an entity is entirely separate from Albert Okura the individual or Juan Pollo Inc., the corporation Okura formed in 1984.  At trial, Okura testified that either he or Juan Pollo Inc. are the registered owners of the Juan Pollo Marks and that those marks have never been assigned to anyone else.  (Transcript at 26-27, 34, 45-46.)  Plaintiff Juan Pollo Franchising has not provided evidence that the Juan Pollo Marks were ever assigned to it.[2]  As such, the only evidence presented at trial as to the ownership of the Juan Pollo marks tended to demonstrate that either Okura or Juan Pollo Inc. owns the marks in question.

Plaintiff has therefore failed to satisfy its burden of proving an essential element of its claim, ownership of the Juan Pollo Marks.  Accordingly, Plaintiff's claim for trademark infringement under 15 U.S.C. § 1114 must fail.

### B. Common Law Trademark Infringement

Plaintiff has also failed to prove its claim for common law trademark infringement.  Common law trademark infringement requires a plaintiff to establish priority of use.  See American Petrofina v. Petrofina of Cal., Inc., 596 F.2d 896, 897 (9th Cir. 1979) ("[W]hoseoever first adopts and uses a trade name, either within or without the state, is its original owner"); Wood v. Apodaca, 375 F. Supp. 2d 942, 947-48 (N.D. Cal. 2005) ("To state a claim of trademark infringement under California common law, a plaintiff need allege only 1) their prior use of the trademark and 2) the likelihood of the infringing mark being confused with their mark.").

Plaintiff has not established that its use of the Juan Pollo Marks preceded Defendants use.  Defendants began operating their Whittier store using the Juan Pollo name in 1993.  (Transcript at 23, 28, 85.)  As Plaintiff did not exist until 2011, the Court does not see how Plaintiff's use of the Juan Pollo Marks could have preceded Defendants' use.

Because Plaintiff has not established that it is the senior user of the Juan Pollo Marks, Plaintiff's claim for common law trademark infringement fails.

---

[2] In their post-trial briefs, the parties addressed the issue of Plaintiff's failure to establish its ownership of the Juan Pollo Marks.  (Doc. Nos. 44, 45.)  Plaintiff merely responded that Defendants had waived their ability to raise a "real party in interest" affirmative defense by not asserting it sooner.  (Doc. No. 45 at 2-3.)  This response misstates Defendants' argument.  Defendants do not raise an affirmative defense but rather point out a fatal deficiency in Plaintiff's prima facie case—something Defendants can surely do at any point because Plaintiff's bear the burden of proving their claims at trial.

## IV.  CONCLUSION

For the reasons stated above, based on the facts found at trial, the Court concludes that Plaintiff's claims for statutory trademark infringement and common law trademark infringement both fail.  The Court orders that judgment be entered in favor of Defendants and in accordance with this order.

**IT IS SO ORDERED.**